Kirkman, J.
On April 3,2013, this Division affirmed the judgment of the trial court on some of the claims and the counterclaim arising out of this landlord-tenant case, but returned the case back to the trial court for further findings consistent with our decision on two remaining claims. Stacy v. Zhao, 2013 Mass. App. Div. 59. The defendant-landlord now asks this Division to reconsider its prior decision affirming judgment. We decline to do so.
*102 On April 26, 2010, the plaintiffs-tenants sued their landlord for damages arising from breach of warranty of habitability (count 1); interference with a right to quiet enjoyment of the premises (count 2); failure to supply hot water in violation of G.L.c. 186, §14 (count 3); unlawful retaliation in violation of G.Lc. 186, §18 (count 4); violation of the Commonwealth’s security deposit law, G.L.c. 186, §15B (count 5); violation of the consumer protection act, G.L.C. 93A, §9 (count 6); and breach of contract (count 7). The landlord counterclaimed for a breach of contract.
On July 28,2010, the trial court granted summary judgment for the tenants on their security deposit claim. On April 19, 2011, the landlord filed a motion for summary judgment claiming the parties had entered into a settlement agreement. The tenants denied that claim at an oral argument on April 25, 2011, and the case immediately proceeded to trial. On July 21,2011, the trial court issued its decision on the merits. The trial court awarded damages on counts 1,2,5 (as previously decided on summary judgment), and 6. The court found for the tenants on the landlord’s counterclaim. The landlord appealed.
This Division found that there was no error in the denial of the motion for summaiy judgment on the landlord’s counterclaim. Nor was there any error in the granting of summary judgment in the tenants favor on count 5. We found error in the duplication of damages by the trial court on counts 1 and 6 of the complaint and vacated the award on count 1. We also found error in the denial of an award on count 4 and in the computation of attorney’s fees due under counts 2, 5, and 6. The case was thus returned for determination of damages on count 4 and reanalysis of attorney’s fees.[3] The trial court completed that task and entered a final judgment on July 30,2014. This appeal resulted without any challenge to the fees awarded or the damages assessed on count 4 of the complaint.
The only issues before this Division, then, are those previously raised and decided. For the reasons stated in this Division’s initial decision, the judgment of the trial court is affirmed.

 Further review was sought in the Appeals Court. Mor v. Zhao, No. 13-P-1540 (Mass. App. Ct. May 5, 2014). That Court dismissed the appeal because there had been no final decision due to our returning the case to the trial court.